**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TAIT TOWERS MANUFACTURING, LLC, | : | |
| | : | |
| Plaintiff | : | |
| | : | Civil Action No. |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| WICREATIONS, BVBA and HANS WILLEMS | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**

Plaintiff TAIT TOWERS MANUFACTURING, LLC ("TAIT" or "Plaintiff") files this Complaint against Defendants WICREATIONS, BVBA ("WICREATIONS") and Hans Willems ("Mr. Willems") and in support thereof avers as follows:

**THE PARTIES**

1.     TAIT is an LLC organized and existing under the laws of Delaware, with its principal place of business at 401 W. Lincoln Avenue, Lititz, Pennsylvania, 17543.

2.     TAIT is a leading supplier of innovative live event staging, engineering, and automation.

3.     Upon information and belief, WICREATIONS is a business entity organized and existing under the laws of Belgium, with its principal place of business at Heistse Hoekstratt 3D, 2220 Hist-op-den-Berg, Belgium.

4.     Upon information and belief, WICREATIONS is in the business of live event staging.

5.     Upon information and belief, Mr. Willems is WICREATIONS' CEO, sole corporate officer, head of sales, former head of engineering, and fifty percent owner.

6.      Upon information and belief, Mr. Willems frequently travels to the United States, in particular, to Lititz, Pennsylvania to attend live event industry conferences.

## NATURE OF THE ACTION

7.      Plaintiff re-avers and re-states the foregoing Paragraphs inclusively as if fully set forth herein.

8.      This is a Civil Action for Infringement of U.S. Patent No. 8,905,380 B2; ("the Patent-in-Suit" or "the '380 Patent" and attached as Exhibits "A") under the Patent Laws of the United States, Title 35 U.S.C. § 1 *et seq*.

9.      The Patent-in-Suit concern TAIT's proprietary chain drive control system "TAIT AUTOMATION", which includes a central automation control system, such as TAIT NAVIGATOR™ control software and multiple chain drives, such as TAIT's KINESYS ELEVATION™ hoist and/or KINESYS APEX™ hoists.

10.     Each chain drive in TAIT AUTOMATION has a motor-driven mechanism that moves a chain and a control board with a processor running stored instructions to control the motor based on signals received from the automation system.

11.     The use of the coordinated automation provided by TAIT AUTOMATION provides a significant advantage in live entertainment both at load-in and load-out and during performances, allowing synchronization and of safe and efficient flying elements, such as rigging, lighting and/or sound elements.

12.     TAIT AUTOMATION's central automation control system sends control signals to coordinate operation among the chain drives and receives feedback from them about their operation.

13.     The control signals are generated based on both coordination requirement and the feedback received, enabling coordinated, feedback-driven control of multiple chain drives.

14.     By allowing for distributed control processing and eliminating the need for a central controller, TAIT AUTOMATION is able to autonomously provide updated control instructions to respond to changing events in real time.

15.     TAIT AUTOMATION provides advantages previously unrecognized in the industry including, but not limited to: 1) increased safety, 2) decreased set up/tear down time, 3) simplified controls, 4) reduced personnel requirements and 5) enhanced visual effects.

16.     Defendants developed a competing an automated chain drive control system utilizing a "WIMOTION" centralized control system with "WIHOIST" chain drives (the "Infringing Products"), elements of which infringe upon the Patent-in-Suit. Copies of the brochures for Defendants' WIMOTION and WIHOIST products are attached as Exhibits "B", "C", "D", and "E".

17.     Upon information and belief, Defendants sell and rent the Infringing Products and their components, thereby contributing to and inducing its customer's direct infringement of the Patents-in-Suit.

18.     Defendants have used the Infringing Products on large tours in the United States, including, but not limited to:

(a)     Bad Bunny's 2022 El Último Tour del Mundo (the "Bad Bunny" Tour), which included a March 16, 2022 performance at the Wells Fargo Center in Philadelphia, Pennsylvania;

(b)     Rammstein's 2022 Stadium Tour (the "Rammstein" Tour), which included an August 31, 2022 performance at the Lincoln Financial Field in Philadelphia, Pennsylvania;

(c)     Ed Sheeran's 2022-2025 Mathematics Tour (the "Sheeran" Tour), which included a June 3, 2023 performance at the Lincoln Financial Field in Philadelphia, Pennsylvania; and

(d)     Raye's 2026 This Tour May Contain New Music (the "Raye" Tour), which included an April 19, 2026 performance at the Metropolitan Opera House in Philadelphia, Pennsylvania.

### JURISDICTION AND VENUE

19.     Plaintiff re-avers and re-states the foregoing Paragraphs inclusively as if fully set forth herein.

20.     This Court has jurisdiction over the subject matter of this action pursuant to Title 28 U.S.C. §§ 1331 and 1338(a) because it arises under the Patent Laws of the United States, including Title 35 U.S.C. § 271 *et seq.*

21.     This Court has personal jurisdiction over Defendants because, among other things, Defendants have committed, aided, abetted, contributed to, and/or participated in the commission of patent infringement in violation of Title 35 U.S.C. § 271 in this judicial district that has led to foreseeable harm and injury to Plaintiff.

22.     In the alternative, this Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4(k) because this case arises under Federal Law and Defendants are not subject to jurisdiction in any state's courts of general jurisdiction.

23.     Venue of this action is proper in this Judicial District because Defendants are residents of Belgium who may be sued in any judicial district in which they are subject to the court's personal jurisdiction.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,905,380 B2

### (ALL DEFENDANTS)

24.     Plaintiff re-avers and re-states the foregoing Paragraphs inclusively as if fully set forth herein.

25.     On December 9, 2024, United States Patent No. 8,905,380 B2 (the "'380 Patent"), was duly and legally issued for a Chain Drive Control System.

26.     Plaintiff is the sole owner of the '380 Patent.

27.     Defendants have infringed and are still infringing the '380 Patent, directly and indirectly, by making, using, selling, offering for sale, renting, offering for rent, and/or importing into the United States products encompassed by the '380 Patent, including, for example, the Infringing Products. *See* Infringement Analysis Chart, attached as Exhibit "F".

28.     Mr. Willems is personally liable for his own acts of infringement, even if those acts were committed in his capacity as WICREATIONS' CEO. *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1358 (Fed. Cir. 2021).

29.     Upon information and belief, in 2022, Mr. Willems personally travelled to Lititz, Pennsylvania to use and oversee the use of the Infringing Products in connection with the Ed Sheeran Tour.

30.     Moreover, upon information and belief, Mr. Willems infringed the '380 Patent by, among other things, personally:

(a)     designing the Infringing Products;

(b)     deciding to the rent/sell the Infringing Products for use live events, including the Bad Bunny, Rammstein, Ed Sheeran, and Raye Tours knowing that, in so doing, the Infringing Products would be used in multiple massive stadium performances across the United States, including the Eastern District of Pennsylvania;

5

(c)     directing WICREATIONS' employees to accompany the Bad Bunny, Rammstein, Ed Sheeran, and Raye Tours to use and oversee the use of the Infringing Products in multiple massive stadium performances across the United States, including the Eastern District of Philadelphia; and

31.     Upon information and belief, Mr. Willems actively participated in WICREATIONS' infringement of the Patent-in-Suit by, among other things, personally designing, producing, offering to sell, selling, and importing the Infringing Products into the United States and the Eastern District of Pennsylvania.

32.     The TAIT AUTOMATION system, including the centralized control of a network of chain drives, is well known in the live event staging industry, and, upon information and belief, Defendants were aware of the '380 Patent at all relevant times.

33.     Defendants' infringement is willful and deliberate.

34.     Under Title 35 U.S.C. § 285, Defendant's infringement of the '380 Patent renders this case exceptional.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff seeks judgment awarding it the following relief:

(a)     judgment in favor of Plaintiff, that Defendants have infringed, directly and/or indirectly by way of inducement and/or contributory infringement, the '380 Patent;

(b)     an award of monetary damages to which Plaintiff is entitled under Title 35 U.S.C. § 284 for Defendant's continuing or future infringement, including both compensatory damages and treble damages for willful infringement;

(c)     a judgment and order, pursuant to Title 35 U.S.C. § 285, requiring Defendants to pay the costs of this action, including all disbursements and attorney's fees;

(d)     an award of pre-judgement and post-judgement interest;

6

(e)     an order awarding such other and further relief as this Court deems just and proper.

Plaintiff hereby demands a Trial by Jury on all issues so triable.

Dated:  June 17, 2026                    Respectfully submitted,

                                         SAXTON & STUMP, LLC


                                         By:___/s/ M. Kelly Tillery_____
                                             M. Kelly Tillery, Esquire
                                             PA Attorney I.D. No. 30380
                                             ktillery@saxtonstump.com
                                             Alec J. Johnson, Esquire
                                             PA Attorney I.D. No. 332528
                                             ajj@saxtonstump.com
                                             280 Granite Run Drive, Suite 300
                                             Lancaster, PA  17601
                                             (717) 556-1034

                                             *Attorneys for Plaintiff TAIT TOWERS
                                             MANUFACTURING, LLC*